## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DUQUIL DION LOVE,

                Petitioner,                Case Number: 09-cv-10230

v.                                      HONORABLE GERALD E. ROSEN

NICK LUDWICK,

                Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Duquil Dion Love has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his convictions for assault with intent to rob while armed, possession of a firearm by a felon (felon-in-possession), and possession of a firearm during the commission of a felony (felony-firearm). For the reasons set forth below, the Court denies the petition.

### I. Background

On June 27, 2005, at approximately 11:30 pm, Ruth Smith was driving to her home with her granddaughter. As she entered her subdivision, Smith passed a white car traveling in the opposite direction. As the cars passed each other, Smith observed the driver of the vehicle, whom she later identified as Petitioner. Smith turned onto her street and noticed a car following her. She turned into her neighbor's driveway, across the street from her home, and saw that the car following her was, in fact, the same white car that she had passed a few minutes earlier. After the car passed, she backed across the street into her own driveway.

As Smith began collecting her belongings, a voice told her to "give me your money." Tr. 7/26/06, p. 139. She turned to her left to see a man holding a handgun in her face; she later identified this man as Petitioner's codefendant, Bright. Smith complied by giving the man her medicine bag. While she was handing over her bag, Smith observed the same white car at the end of her driveway. She, again, observed the driver of the car. The man with the gun then ran to the white car and got in the passenger seat. The car drove away, and Smith called the police.

Later that night, Petitioner and Bright were involved in a shooting at a gas station. Both men were admitted to Henry Ford Hospital where the police recovered their clothes. No weapons were recovered.

The following day, Smith was shown a photo array that included a picture of Petitioner. At the time, she identified Petitioner as the man with the gun. She later informed the police and the prosecutor that Petitioner was, in fact, the driver of the vehicle. Smith also participated in a live lineup where she identified Bright as the driver of the vehicle. Again, she later informed police that she had the roles of the two men reversed. Smith testified to the misidentification during cross-examination at Petitioner's trial.

On June 29, 2005, Petitioner was arrested on charges stemming from the shooting that sent him to the hospital; he was tried and convicted on those charges in late March, 2006. On April 1, 2006, Petitioner was arraigned on the charges in this case. The day of Petitioner's trial, defense counsel made a motion to dismiss based on a violation of Petitioner's right to a speedy trial under the Sixth Amendment and Michigan's 180-day rule. The court heard short arguments and denied the motion.

Petitioner's trial commenced with testimony from Smith, her granddaughter, and several

police officers.  During the defense case-in-chief, Bright was called to testify.  Bright testified

that he was involved in the robbery and that he used a blue-steel gun in the commission of the

crime.  But he also testified that it was his "homeboy," with the street-name "Doug," that was

with him–not Petitioner.  Tr. 7/27/06, pp. 78–79, 81.

At the conclusion of Petitioner's trial, the parties agreed to a set of jury instructions.

These instructions were provided to the judge and were read to the jury.  The instructions

included language regarding how the jury should treat certain testimony–including how to

determine the truthfulness of a witness and how to treat misidentifications–but did not include

any language regarding the use of prior inconsistent statements.

## II.  Procedural History

Following the jury trial in Wayne County Circuit Court, Petitioner was convicted of

assault with intent to rob while armed, felon-in-possession, and felony-firearm.  Petitioner was

sentenced as a fourth habitual offender to concurrent prison terms of twenty to thirty-five years

for the assault conviction and five to thirty-five years for the felon-in-possession conviction and

to a consecutive prison term of two years for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following

claims through counsel:

I.      Was the evidence presented at Appellant's trial insufficient to convict him
        of either felon-in-possession of a firearm or felony-firearm?

II.     Does the failure to instruct Appellant's jury regarding the proper use and
        effect of the prior inconsistent statements of the complainant constitute
        reversible error as it denied Appellant a fair trial?

In a supplemental pro se brief, Petitioner raised the following additional claim:

I.      Is Defendant-Appellant entitled to reversal and dismissal of his criminal

3

convictions where he was denied the right to a speedy trial under the Federal and State Constitutions and under the 180-day speedy trial doctrine?

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. Love*, No. 272631, 2007 WL 4404549 (Mich. Ct. App. 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Love*, 480 Mich. 1190 (2008).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

I.      The evidence presented at Petitioner's trial was insufficient to convict him of either felon-in-possession of a firearm or felony-firearm.

II.     The failure to instruct Petitioner's jury regarding the proper use and effect of the prior inconsistent statements of the complainant constitutes reversible error as it denied Petitioner a fair trial.

III.    Petitioner is entitled to reversal and dismissal of his criminal conviction where he was denied the right to a speedy trial under the Federal and State Constitutions and under the 180-day speedy trial doctrine.

### III.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable

4

> determination of the facts in light of the evidence presented in the
> State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998).

Additionally, this Court must presume the correctness of state court factual determinations. 28

U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We

give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the
> governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.
>
> *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably applies the law of

---

[1]      28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct.

5

this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable"

application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should
> ask whether the state court's application of clearly established federal law was
> objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect
> application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application"
> clause, then, a federal habeas court may not issue the writ simply because that
> court concludes in its independent judgment that the relevant state-court decision
> applied clearly established federal law erroneously or incorrectly. Rather, that
> application must also be unreasonable.

*Id.* at 409-11.

## IV. Discussion

### A. Claim # 1. Sufficiency of the Evidence

Petitioner argues that the writ should be granted because insufficient evidence was

presented at trial to sustain his convictions for felon-in-possession and felony-firearm. The

Michigan Court of Appeals, the last state court to issue a reasoned opinion regarding this claim,

held that sufficient evidence was presented to sustain the convictions:

> Defendant first argues that there was insufficient evidence to support his
> felon-in-possession and felony-firearm convictions. We disagree. . . . We "view the
> evidence in a light most favorable to the prosecution and determine whether any
> rational trier of fact could have found that the essential elements of the crime
> were proven beyond a reasonable doubt." *People v Johnson*, 460 Mich 720, 723; 597
> NW2d 73 (1999) (citation omitted).
>
> Defendant argues that the prosecutor did not prove beyond a reasonable doubt
> that either he or codefendant Bright was armed with a firearm. Defendant claims that
> although a witness identified Bright as possessing a black firearm, there was
> insufficient evidence that the object was actually a firearm. Defendant also claims
> that there was no evidence regarding the firearm's caliber, the means of propulsion,
> or any specific characteristics of the barrel. Defendant notes that the firearm was not
> fired and that the police never recovered it. Defendant also argues that even if Bright
> was armed with a firearm, defendant never possessed it. Finally, defendant claims

6

that the facts do not suggest beyond a reasonable doubt that he aided and abetted Bright in the commission of the firearm-related offenses.  We disagree.

The elements of felon in possession of a firearm are: (1) the defendant possessed a firearm, (2) the defendant was previously convicted of a felony, and (3) the defendant's right to possess a firearm has not yet been restored.  MCL 750.224f; *People v Perkins*, 262 Mich App 267, 270-271; 686 NW2d 237 (2004).  The elements of felony-firearm are: (1) the defendant possessed a firearm, (2) during the commission of or attempt to commit a felony.  *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999); see also MCL 750.227b.  The central questions here are whether the prosecutor presented sufficient evidence that there was a firearm used in the assault and whether the evidence sufficiently established that the defendant aided and abetted in the firearm's use or possession.

Bright testified that he used a blue steel gun to assault the victim.  Both the victim and her granddaughter testified that the man who took their bag had a firearm.  According to their testimony, the man told them, "If you don't want to get hurt put your head down . . . ."  Additionally, both defendant and codefendant Bright had been involved in another, separate shooting on the same day as the assault at issue in this case.  We recognize that the firearm was not recovered and was not fired during the assault.  Nonetheless, viewing the evidence in a light most favorable to the prosecution, we conclude that there was sufficient evidence to prove beyond a reasonable doubt that codefendant Bright possessed a firearm.

Thus, the question becomes whether defendant aided and abetted codefendant Bright in the possession of the firearm.  Nothing in the aiding and abetting statute suggests that it should apply differently to a possessory offense than to any other crime.  *People v Moore*, 470 Mich 56, 67; 679 NW2d 41 (2004).  To convict a defendant of aiding and abetting a crime, a prosecutor must prove that: (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement.  *Id.* at 67-68.  Accordingly, the test for aiding and abetting the offense of felon-in-possession is whether a defendant, who is himself ineligible to carry a firearm, has procured, counseled, aided or abetted another in the use or possession of a firearm.  Similarly, the test for aiding and abetting the offense of felony-firearm is whether a defendant has procured, counseled, aided or abetted another in the use or possession of a firearm during the commission or attempted commission of a felony.  *Id.* at 70.  The prosecutor must "do more than demonstrate that [the defendant] aided the commission or attempted commission of the underlying" felony.  Instead, the prosecutor must demonstrate that the defendant specifically aided the commission of felon-in-possession or felony-firearm.  *Id.*

7

Turning to the facts in the present case, codefendant Bright testified that he attempted to rob the victim with a blue steel gun, thereby committing the underlying felony and the felony-firearm offense. Moreover, both Bright and defendant were previously convicted felons and were ineligible to possess a firearm.

The evidence also showed that defendant directly aided in the commission of the firearm-related offenses. Defendant transported Bright and the firearm in a white vehicle for the purpose of seeking out a potential victim. Defendant followed the victim to her home and waited at the end of her driveway while Bright assaulted her with the firearm. Defendant then again aided Bright by providing a quick getaway. Finally, the evidence showed that defendant had aided in the planning and preparation of the crimes. We conclude that a rational trier of fact could have concluded beyond a reasonable doubt that defendant aided and abetted codefendant Bright's commission of the offenses of felon-in-possession and felony-firearm.

*Love*, 2007 WL 4404549, at *1-2.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency-of-the-evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). "Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the *Jackson* standard was contrary to or an unreasonable application of Supreme Court precedent." *Wolfe v. Bock*, 412 F. Supp. 2d 657, 681 (E.D. Mich. 2006). "In a federal habeas proceeding, the scope of review of the sufficiency of evidence in a state criminal prosecution 'is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution.'" *Werner v Jackson*, No. 06-CV-11217, 2009 WL 883918, at *4 (E.D. Mich. 2009) (quoting *Terry v. Bock*, 208 F. Supp. 2d 780, 794 (E.D.

8

Mich. 2002)).

Petitioner argues that he was never in possession of the firearm and that he never coerced or encouraged Bright to use the firearm. The State of Michigan, however, does not require that the defendant have possession of the firearm or that he coerce or encourage another to use the firearm. As the Michigan Court of Appeals noted, it is sufficient to prove that the defendant aided and abetted another in the firearm-related offense. *Love*, 2007 WL 4404549, at *1-2. The Michigan Court of Appeals, applying the *Jackson* standard, concluded that a rational trier of fact could have found that the prosecution had proven the essential elements of the crimes beyond a reasonable doubt. *Id*. at *2.

At trial, the evidence established, through the testimony of the victim and the testimony of Bright himself, that Bright used a firearm in the commission of a felony. The jury determined that Petitioner was with Bright at the time of the act and that Petitioner aided and abetted Bright by driving him to and from the scene of the crime. Petitioner asserts that the evidence was insufficient to support this conclusion, but "[i]t is the job of the jury and not the court sitting on habeas review to resolve conflicts in the evidence, and this Court must presume that the jurors resolved those conflicts in favor of the prosecution." *Werner*, 2009 WL 883918, at *5 (citing *Jackson*, 443 U.S. at 326.).

Therefore, this Court concludes that the Michigan Court of Appeals' decision, that sufficient evidence was presented to sustain the conviction, did not "result[] in a decision that was contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Accordingly, Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

9

## B.  Claim # 2.  Jury Instructions - Procedural Default

Next, Petitioner argues that the writ should be granted because the trial court failed to instruct the jury on the proper use of the complainant's prior inconsistent statements.  The complainant testified on direct examination that she attended a photo lineup where she identified Petitioner and Bright as the two men who robbed her.  Tr. 7/26/06, p. 144.  On cross examination, the complainant testified that she had originally identified Petitioner and Bright at the photo lineup but that she had gotten their roles reversed.  Tr. 7/26/06, p. 160-62.   The court gave no jury instruction regarding the use of prior inconsistent statements.

The Michigan Court of Appeals held that this issue was waived when Petitioner, through his attorney, failed to make any objection to, and affirmatively approved, the jury instructions during his trial:

> Defendant next argues that the trial court erred when it failed to instruct the jury regarding the use of prior inconsistent statements.  This issue has been waived on appeal.  A claim of instructional error is waived when a defendant or his attorney affirmatively approves the jury instructions in the trial court.  *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000).  In this case, defendant's attorney submitted the instructions that the trial court used.  In addition, after the jury instructions were read, the trial court asked, "Is there anything else for the record at this time, either counsel?"  Defendant's attorney responded, "No, Your Honor."  We conclude that defense counsel affirmatively approved the jury instructions.  Because this issue has been waived on appeal, any error has been extinguished.  *Id.*

*Love*, 2007 WL 4404549, at *2.

"Michigan's contemporaneous-objection rule requires that defendants make timely and specific objections at trial in order to preserve claims for appellate review." *Wallace v. Ludwick*, No. 08-11747, 2009 WL 2840500, at *3 (E.D. Mich. 2009) (citing *People v. Carines*, 460 Mich. 750, 597 N.W.2d 130, 137-42 (1999); *People v. Grant*, 445 Mich. 535, 520 N.W.2d 123, 128 (1994)).  At trial, Petitioner failed to raise any objection to the jury instructions that he now

10

claims were incomplete.  Moreover, as the Michigan Court of Appeals noted, Petitioner's counsel not only affirmatively approved the instructions, Petitioner's counsel submitted them to the court.  Tr. 7/27/08, pp. 98, 140.  Therefore, this Court agrees that Petitioner has defaulted his federal claim.

Nevertheless, in *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that even if a petitioner has defaulted his federal claim in a state court, a federal habeas court may still review the claim if the prisoner can demonstrate either of the following: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."  *Id.* at 750.

### 1. Cause and Prejudice

### a.  Cause

To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also*, *Coleman*, 501 U.S. at 753.  "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'"  *U.S. v. Pelullo*, 399 F.3d 197 (3rd Cir. 2005) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494, (1991)).

Here, Petitioner has not presented any claim of cause for failing to raise a contemporaneous objection at trial.  Petitioner's direct appeal to the Michigan Court of Appeals merely claims that the failure of the trial court to add the instruction *sua sponte* was plain error.  Because Petitioner has raised no cause, he cannot overcome his procedural default.

11

*b. Prejudice*

To fall within the cause and prejudice exception, a petitioner must establish both cause and prejudice; it is unnecessary to discuss the prejudice issue if the petitioner has failed to establish cause.  *See Hargrave-Thomas v. Yukins*, 374 F.3d 383, 389 (6th Cir. 2004); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).  But "even if Petitioner could establish cause, he cannot establish prejudice because his claims are without merit."  *Wallace v. Ludwick*, 2009 WL 2840500, at *10 (citing *Nunn v. Yukins*, No. 98-2309, 2000 WL 145378, at *1 (6th Cir. 2000); *Jacobs v. Scott*, 31 F.3d 1319, 1328 (5th Cir. 1994); *Alvarez v. Straub*, 64 F. Supp. 2d 686, 696 (E.D. Mich. 1999) (Rosen, J., adopting Report & Recommendation of Komives, M.J.)).

At trial, the court gave general instructions regarding the evaluation of witness testimony, including whether the victim made prior misidentifications, whether a witness was telling the truth, and how truthfulness could affect the jury.  The court did not specifically instruct the jury on the use of prior inconsistent statements.  Petitioner contends that he was deprived of a fair trial when the trial court failed to give such an instruction *sua sponte*.

When a defendant fails to request a specific jury instruction, the failure of the trial court to give such an instruction is a matter of state law, therefore, it does not give rise to a due process violation.  *See Green v. Lafler,* No. 2009 WL 902091, at * 11 (E.D. Mich. March 31, 2009)(Apart from lesser offense instructions in death penalty cases, the Supreme Court has never held or suggested that a trial court's failure to give an unrequested instruction amounts to a due process violation, and thus no clearly established federal law supports petitioner's claim as required for relief under 28 U.S.C. § 2254(d)(1)).  Further, as the Sixth Circuit has repeatedly recognized, '[a] trial judge's failure to give an unrequested instruction is not an error cognizable

12

in a federal habeas proceeding.'" *Id.* (quoting *Miller v. Grant*, No. 93-2081, 1994 WL 102977, at *2 (6th Cir. 1994))) (citing *Manning v. Rose*, 507 F.2d 889, 895 (6th Cir. 1974)); *Bailey v. Smith*, No. 06-14099, 2008 WL 2607830, at *14 (E.D. Mich. 2008) (Hood, J., adopting Report of Komives, M.J.)).  Because this claim is non-cognizable on habeas review, it is without merit. Therefore, Petitioner cannot show any prejudice caused by a procedural bar; the cause and prejudice exception to procedural default does not apply to this claim.

### 2. *Miscarriage of Justice*

To show that a fundamental miscarriage of justice would occur if the court failed to consider the claim, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Proving actual innocence means more than proving that a reasonable doubt exists; "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  New evidence, either newly discovered or excluded at trial, must be presented to the district court to prove actual innocence. *See Id.* at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Here, Petitioner has failed to produce any new evidence for the district court to consider. Petitioner merely rests on his claim of innocence and the same evidence presented to the jury at his trial.  Therefore, Petitioner cannot show that a fundamental miscarriage of justice would occur by a procedural bar of this claim.  Thus, this exception does not apply.

### C.  Claim # 4.  Speedy Trial

Petitioner next asserts that he is entitled to habeas relief because the trial court denied his right to a speedy trial under the Sixth Amendment and violated Michigan's 180-day rule by failing to promptly bring him to trial. The crime for which Petitioner was convicted was committed on June 27, 2005. Petitioner was identified by the complainant the following day. Petitioner was arrested and arraigned on unrelated charges on June 29, 2005. Petitioner's trial on those charges was scheduled to begin on December 13, 2005, but was rescheduled for January 17, 2006, at which time the trial on these unrelated charges commenced. On January 26, 2006, a mistrial was declared because of a hung jury. Petitioner was retried and convicted of these unrelated charges on March 29, 2006.

Three days later, Petitioner was arraigned on the charges in the present case. On July 26, 2006, the day that Petitioner's trial was scheduled to begin in this case, he raised his speedy trial claim for the first time. Petitioner claims that, because he was not aware of the charges before April 1, 2006, he was unable to remember the names of any potential alibi witnesses.

### 1. Michigan's 180-day rule

The Michigan Court of Appeals addressed this issue and found that Michigan's 180-day rule did not apply to Petitioner:

> Defendant lastly argues that the 180-day rule was violated because he was detained in the Wayne County jail for nine months before he was arraigned for the present offenses. The purpose of the statutory 180-day rule is to dispose of untried charges against prison inmates so that sentences may run concurrently. Thus, the statute applies only to those defendants who, at the time of trial, are serving time in a state penal institution. It does not apply to individuals awaiting trial in a county jail. Defendant is entitled to no relief under MCL 780.131 because he was detained in the Wayne County Jail.

*Love*, 2007 WL 4404549, at *3.

Even if Petitioner's claim had merit, however, a violation of a state speedy-trial law by a

14

state court is non-cognizable on habeas review.  *See Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (discussing review of a violation of a state speedy trial law in the context of a habeas proceeding);  *Stewart v. Nix*, 972 F.2d 967, 970 (8th Cir. 1992) (stating that a petitioner's rights under the Sixth Amendment are not affected by a state statute);  *Flenoy v. Russell*, 902 F.2d 33, 1990 WL 61114, * 3 (6th Cir. May 8, 1990) (citing *Millard v. Lynaugh*, 810 F.2d 1403, 1406 (5th Cir. 1987)) (stating that federal review of a claimed violation of a state speedy-trial law is limited to a consideration of federal constitutional rights).  A state-court violation of Michigan's 180-day rule does not, in itself, create a violation of the Federal Constitution.  *See, e.g.*, *Wells v. Petsock*, 941 F.2d 253, 256 (3rd Cir. 1991).  Therefore, Petitioner is not entitled to habeas relief for any claimed violation of Michigan's 180-day rule.

### 2.  Sixth Amendment

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right to speedy and public trial." U.S. Const. Amend. VI.  This guarantee protects "at least three basic demands of criminal justice–to prevent undue and oppressive incarceration prior to trial; to minimize anxiety and concern accompanying public accusation; and to limit the possibility that delay will impair the ability of an accused to defend himself." *Smith v. Hooey*, 393 U.S. 374, 377-78 (1969).

In *Doggett v. United States*, 505 U.S. 651 (1992), the Court reaffirmed the test set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), for determining when a speedy trial violation has occurred.  The *Barker/Doggett* test states that courts should consider (1) whether delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial,

15

and (4) whether he suffered prejudice as the delay's result.  *Doggett*, 505 U.S. at 651 (enumeration added).  These factors, however, "are related factors and must be considered together with such other circumstances as may be relevant."  *Barker*, 407 U.S. at 533.

In this case, the Michigan Court of Appeals concluded that the no due-process violation occurred because Petitioner failed to show "actual and substantial prejudice sufficient to warrant relief."  *Love*, 2007 WL 4404549, at *3.  Because the Michigan Court of Appeals did not address the alleged error under the appropriate constitutional standard, this Court must conduct an independent review of the state court's decision.  *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  Under this standard, the federal court must "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.*  This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA."  *Id.*

Petitioner claims that the nine-month delay between the commission of the crime and his arraignment constituted an undue delay.  The Supreme Court has held, however, that "the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise accused."  *United States v. MacDonald*, 456 U.S. 1, 6, (1982).  Thus, the nine months that Petitioner was being held on other charges is not a factor in this court's analysis.  As such, no undue delay occurred.

Moreover, while the government may be at fault for any alleged delay, Petitioner has established no improper reason for any such delay.  Petitioner merely asserts that he was

16

prejudiced because he could not remember the names of any potential alibi witnesses.  Petitioner

claims that he was unaware of any possible charges against him because of the delay.  However,

the government was unaware of any potential alibi witnesses and thus could not have gained any

tactical advantage by delaying Petitioner's arraignment.  Petitioner's claim must fail because

there is no evidence on the record that any part of this delay was intentionally caused by the trial

court or the prosecution. *Norris v. Scotten*, 146 F. 3d 314, 327-28 (6th Cir. 1998).

Petitioner also failed to assert his right to a speedy trial in due course.  In fact, the first

time Petitioner asserted a violation of this right was on the first day of his trial.  The trial court

discussed the timeliness of the motion:

> THE COURT: All right.  Number one, this is a motion on the date of trial.  It's untimely.  It's beyond the motion cutoff.  Can I have the file please madame clerk?

> PROSECUTOR: Your Honor, I believe that was a week before the 26th of May when we had motions -

> THE COURT: (Interposing) There's a filing order for the co-defendant.

> DEFENSE COUNSEL: I think it was the 19th.

> THE COURT: May the 19th, 2006.

> DEFENSE COUNSEL: And, your Honor, in view of *People v. Hernandez*, and the fact that we are alleging a due process violation and prejudice, we feel that it's important to file this motion -

> THE COURT: (Interposing) Well, it should have been filed before the day of the trial in any event.

Tr. 7/26/06, pp. 6.

Most importantly, Petitioner has not established that he was materially prejudiced

because of any delay.  *See, e.g.*, *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir. 1983).  At trial,

Petitioner's counsel argued, "He's not able to ascertain who [his alibi witnesses] are because of

17

the lapse of time.  He was not aware that he would have had to know . . . because of that long

amount of time. . . .  And on that basis, we're asking for a dismissal due to that prejudice that

resulted."  Tr. 7/26/06, p. 5.  The trial court denied the motion, calling the allegations "vague"

and "unsubstantiated."  Tr. 7/26/06, p. 6.

Petitioner has presented no evidence to support a possible alibi or the names of his alibi

witnesses.  Petitioner's claim is insufficient to establish prejudice for speedy trial purposes. *See*

*Flowers v. Fair,* 680 F. 2d 261, 262 (1st Cir. 1982)(rejecting speedy trial claim where petitioner's

only claim of prejudice was a "belated, uncorroborated assertion that an alibi witness was lost"

as a result of the delay); *Trigg v. State of Tenn.*, 507 F. 2d 949, 954 (6th Cir. 1974)("vague

allegation of a potential alibi defense" does not establish that petitioner was prejudiced for

speedy trial purposes).

Petitioner has failed to demonstrate a violation of his Sixth Amendment right to a speedy

trial.  Thus, he is not entitled to habeas relief on this claim.

### V.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a

certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a

prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists

could debate whether, or agree that, the petition should have been resolved in a different manner,

or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v.

McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's

constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would

18

find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## VI.  **ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


s/Gerald E. Rosen                                    
Chief Judge, United States District Court

Dated:  December 17, 2009

19

**CERTIFICATE OF SERVICE**

I hereby certify that on   December 17, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____Laura Cook_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
  Duquil Love, #323615, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880_____ .

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(313) 234-5137
